Now, this case on the block is 2-16-0563. Naperville Township Road District and the Stamp Refusing Act. Plaintiff's Appellant, Mr. Rachel Ossyra, et al. Defendant's Appellant. Argument on behalf of the Defendant's Appellant, Mr. Richard J. Tarver. Argument on behalf of the Defendant's Appellant, Mr. Stephen E. Allen. Good morning, counsel, and good morning, occupants of the courtroom. Mr., is it Taroulas or Tarlous? Taroulas. Taroulas. Whenever you're ready. Good morning. Ladies and court, my name is Rick Taroulas. I'm representing Naperville Township Road District. If you can keep your voice up, I'd appreciate it. It's a big room. Even though we have a microphone, we also do have people in the back who I'm sure would like to hear everything that's said. Thank you. Yes, ma'am. I have a water bottle with me. I have to drink pretty frequently because of side effects from medical problems last year. No problem, as long as you don't spill it on your materials, which you just about did. Thank you. First issue raised in the briefs is whether the actions of the Naperville Township Board when they reduced the road district budget is reviewable. The trial court said that it's not. The second issue raised is whether the Township Board abused its discretion. The trial court didn't really reach that issue but made some comments to the effect that they did not. The final issue, I believe, is what relief can be granted at this point? And that issue almost supersedes the others because last April there was an election and all of the officials who are parties in this case are now out of office. Two weeks ago, Monday, was the beginning of a new term. So Wojtasiak and Osiris, the supervisor and highway commissioner, are no longer in office. And that fiscal year is over. That fiscal year ended on March 31st. That would be the more significant concern for us that the time frame is over. I believe I have to state that the account for mandamus would be moved at this point. It was necessary when we filed our final brief. The reason for the mandamus was that if the budget ordinance would have been overturned, the road district would have had no budget. And we wanted the court to order them to approve another budget. But now adding money to the budget for a fiscal year that's over would be legally meaningless. So if we were to agree with you that the town should be exceeded its authority, then what do we do? Is there even a remand? I don't believe so, Your Honor. So we just enter a vote. That doesn't exist and those officials aren't around. So that's the extent of the relief that we could grant, period. Well, Your Honor, I think that there's a couple of issues, though, that the court really needs to decide. The first issue is whether their actions were reviewable. The trial court said that they're not, that it's a political question and a legislative act. We believe that was an error. Certainly where there is discretion that the political question doctrine would apply. But your argument is the exceeding authority is not subject to the political question doctrine. Well, that's right, Your Honor. Whether it's reviewable I think is separate from whether it's a political act. In a way, every legislative act is political. A good example is the Illinois pension reform that the Supreme Court overturned. It's a legislative act, but the court absolutely has the power and the duty to review legislative acts to make sure that they are within the powers of the legislative body and that they don't violate any other law. So how is this reviewable, then? Well, it's reviewable because it was beyond the... Well, it's reviewable because it's not not reviewable. I don't know how... So do you seek a declaration that defendants could not under 6501C change or revise the tentative budget that was submitted to them before adopting it? I'm not sure if I follow that, ma'am. I believe that the rulings that we're seeking would be that, first of all, the actions of the township are reviewable, and then, second, that they abuse their discretion. Okay, but reviewable for what? That is, were they in compliance with the statute? We have a statute that talks about adoption of a budget, the tentative budget, and that the expenses can be looked at in terms of whether they were necessary or not. Or any part of it, I'm sorry, adoption of the budget or any part of it. Correct. Okay, so are you asking us to review to see if the action that was taken was in compliance with that statute? Are you asking us to, in connection with the declaratory judgment, to declare something else? No, the declaratory judgment would be to declare, basically, the rights of the parties, whether their action was valid. There is a limit on their discretion. We've argued that they do not have absolute, unlimited discretion. They could not approve zero. I think the trial court agreed with that. She made one comment that counsel was correct that the number is somewhere between zero and 100% where it becomes improper. She had another point. She said something to the effect that she didn't think he had an ascertainable right to any amount greater than 1%, but I think even Judge Wheaton agreed the township can't approve zero. And I think this court has ruled that in prior cases, such as Newport Township. You just can't shut down a road district. So it has to be reviewable by the court. And in this case, the trial court didn't even review anything to do with the merits. She just said it was a political question, it's a legislative act, they have discretion, and it's not within the court's power to even review if what they did was legal. So under the trial court ruling. When you say what they did was legal, are you talking about the changes that they made? Yes, ma'am. To each item? Yes. And how about, are you asking us to talk about whether the township board can make line item revisions to the budget before its review? Well, I believe that under the statute, the township board has discretion to approve less than all of the budget. I do not believe they have authority to add anything to the budget or to move lines around. I think they either approve what was submitted or a reduced amount, but they can't be shifting amounts around. I think that goes beyond their powers. So we would be asking the court to rule. Well, it's tied into a couple of things. One of them is, and this goes to the relief that can be granted, is the interpretation of the handwritten words and numbers. In the ordinance that was approved, there are numerous handwritten changes. There's asterisks next to some lines. There's numbers. There's the words, City of Naperville, IGA, for intergovernmental agreement. We believe that they cut the budget and added the amounts back for a City of Naperville intergovernmental agreement. That raises several issues. They don't have the power to do that, but that's the way that we would interpret that. And I think that the court can rule. How does the court interpret it? Did they add anything, and did they move any lines around? And if they did, that would be a violation of their powers. But then beyond that, it's the actual strategic cuts that happened. You know, a road district operates to maintain and improve the roads. They have functions like replacing stop signs that get knocked down. That affects public safety. If a road floods, they've got to fix it. If a tree falls in a road, they've got to remove it. What the township did was they cut the salaries of the road workers by over 75%. The salaries, there's two different funds that have got salaries for road workers. There's a line in the administrative fund for the secretary, but the road workers are in two different funds, and they were a little over $400,000, and they were cut to less than $100,000. Has there been a new ordinance passed since the election with respect to the budget? For the next fiscal year, yes. And all the money is back in the budget. Everything that the highway commissioner requested was approved. And what is the fiscal year again? I'm sorry. The fiscal year is April 1 through March 31. So in early April, I believe it was, the township board did approve the budget for this fiscal year, and the highway commissioner got everything he asked for, so there's no disputes over this year. And just because the injunction is moot and the mandamus is moot, I still think that this declaratory really needs a precedent. But why is there a controversy now since there's a new budget that has been passed? I'm sorry? Why is there still a controversy since there's a new budget that's been passed? Well, I think that goes to the mootness, and I would just make the analogy to the abortion cases. They could not finish the appeal before the baby was born, and I think in this case we cannot finish an appeal before our fiscal year ends. And this is something that is kind of bubbling below the surface in over 1,400 townships every year. Town boards think that they can somehow control road districts, which would have no power over in any manner other than approving the budget. And the public interest, et cetera. Definitely, Your Honor. You know, it's an interesting statistic, and I don't believe it's in the briefs, but over half of the roads in Illinois are township roads. Under the statutes, if a road's not a city or a county or a state or a federal or a private road, it's a township road, that's the default, and over half of the roads. So that's how important this is. And all of the highway commissioners around the state, you could tell from the amicus briefs, are very interested in having some precedent so that this doesn't go on again and again. Because under the trial court ruling, there's nothing to stop the town board from approving zero. Shouldn't you have anticipated this issue, the mootness question, and addressed it in the briefs? Well, it was a move when the last brief was filed in January. We still have three more months to the fiscal year. We still needed the mandamus, because if the court would have overruled that ordinance in January, we would have needed a new ordinance so we had money to spend until March 31st. It's only since the end of the fiscal year that that's kind of moot. But the declaratory is still very ripe for a decision. And really what we're looking for is some guidance for the court. I don't think you could ever pick a number. It's not a black and white number. You could say X percent or X dollars. It's got to be a case-by-case analysis. But I believe the court can say that the township has to approve at least enough for the road district to perform their essential functions. Well, here, let's just look at 605. I'm sorry, 501C, 6-501C. The township board of trustees shall adopt the tentative budget and appropriation ordinance, or any part as the board of trustees deem necessary. Necessary is an interesting word. It might have a lot of definitions. But is that the issue that really the amicus briefs are going to and you're talking about? What can the board of trustees do and what is necessary? Well, it's definitely a discretionary act. And I believe the town board would have to have the power to decide on their own what is necessary. And I think if it's a gray area, because it's a discretionary act, the court really can't substitute its judgment. So we wrote in our brief, if there was a straight across-the-board 20% reduction, we probably wouldn't be in court. But what they did was so strategic, they cut the salaries and many of the operating lines, like fuel, by 75%. The reason for that is that, and this I believe is shown clearly in the transcripts of the public hearings, the township was trying to force the highway department to go into an intergovernmental agreement with the city of Naperville, effective on July 1st. So what they did was June 30th is one-fourth of the way through our fiscal year, April 1 through June 30. They cut the road district budget by 75% so that he could get through June 30 and then sign on with the city. They tried to force him into that agreement, which they have no power to do, by budget manipulation. And so that's why the 75% happened. And the road highway commissioner was not willing to enter into an agreement with Naperville for numerous reasons, which is beyond the scope of this appeal. And so when the budget was cut, he didn't have the money to get through hardly June 30th. They cut the budget in May. He had a month and a half until he ran out of money for salaries. That was the reason for the injunction. We wanted to try to get a budget approved a lot quicker, but that didn't happen. So he had to make other arrangements, and we figured out a workaround with an intergovernmental agreement with Lyle Township, and he got through the year. Well, under 6501, can't the township board make line-item revisions, or are you saying they can't make line-item revisions if they're above a certain amount? No, I would interpret it to say that they can reduce any line. Pardon? They can reduce any line, yes. They can reduce any line. Yes, that would be within the discretion that's, I believe, in the statute. But what then? But not to the extent that they basically shut down the road district. So they could not approve zero. I believe that's kind of like the best analogy. If they approve zero and they said, that's what we think is necessary, and he didn't have money for a road worker to go plow or to fix the stop sign, I think that would be an abuse of discretion. Can a township supervisor, I know these are two separate entities, and I learned that the hard way in my early legal career, but can the township itself contract for services to do road work? Yes, ma'am. Okay. Do they usually? Actually, when they contract, they usually take on more work. They do mowing for the county. They did plowing for the city. I'm not talking about the road district now. I'm talking about the board of trustees. Can they? I don't believe they have any authority over the roads. No authority whatsoever. So they couldn't even, if they went to a zero budget, this is a hypothetical that you keep proposing, they do a zero budget, nothing's necessary, can the township trustees actually then go and say, hire somebody? I don't believe there's any authority in any statute. Mr. Turles, was it announced, was it clear that these line item changes to the proposed budget were done with the intent to force the township highway commissioner to enter the IGA? Well, I believe that it is reading between the lines. If you read the affidavit of the supervisor, the city had nothing to do with it. But if you look at the transcript of the public hearing, she was asking the mayor and the city manager questions about the intergovernmental agreement. And in her findings, after the public hearing was closed, she said, based on my findings tonight, that the city has made a good faith bona fide offer for this intergovernmental agreement. They felt that the budget should be cut. It was definitely, that was the motive. Even though the motive is really not supposed to be relevant, that was the motive for what that's worth. I had one other question. Does Section 6501C or any other provision that's relevant provide any standards or criteria that would aid a court in reviewing the township's decision as to what was necessary in the tentative budget? No, ma'am. That's why we need a precedent. So you feel we need to establish the criteria or the standards? Yes. And in a way, no matter how vague it is, it would be better than nothing. I don't think that there can be a real clear rule, but there can be some limit. And if nothing else, the court could say it's not absolute, unlimited discretion. You've got to give him enough to perform his essential duties. And essential duties, again, discuss what that means. Maybe it doesn't mean like a newsletter, but it would mean fixing a stop sign. So I think it would take some evidence. If a town board wanted to drastically cut a budget, they should have some evidence of what they, in order to determine what is necessary. It should not be arbitrary. Wouldn't it make sense, just to follow up on that question, that the Board of Trustees of the township on a regular basis or on a long-term basis set a series of standards that they would operate by? That would probably be a good idea. But in all practicality, town boards really don't know what goes on at the road district. They are very independent. They're not involved in the contracting or in the personnel or in anything, really. So I don't think that they would know where to start. And then with turnover on town boards, that's the kind of thing that one guy figured out, the next guy had never heard of it. Okay. You'll have an opportunity to respond. Thank you. Thank you. All right, Mr. Adams. May it please the Court, good morning, Your Honors. My name is Stephen Adams from the law firm of Robin Schwartz. I'm here on behalf of the defendants, Naperville Township, Rachel Osura, Carrie Maung, and Janice Anderson. I wasn't going to start here, Your Honors. Well, let me ask you a question before you start here. Since counsel has said, you know, it's a whole new crew and this didn't happen, this did not happen this time around or whatever the case may be, is there any reason for us to make a decision in this case? Absolutely not, Your Honor. I mean, this clearly lacks a case in controversy. There's no basis for declaratory judgment because of that. I think the admissions we just heard from counsel for the road district made clear that the mandamus and injunctive counts are gone. So the only possible course of remedy for the road district is a declaratory judgment by this court that requires it to go back one fiscal year and look at the decisions that were made by a township board that conducted two days of hearings and gathered tons of information and made substantial findings, which are all in the record, and then made its decision to adjust the budget by a specified percentage. But we do this all the time, even though we don't like to do it, with ICC rulings because they never get to us on a timely fashion during their budget years. So we always are looking at what happened and was it within the statutory authority, the legislative authority, because of the public interest in this issue. Why wouldn't this be the same? That would be the only basis that this wouldn't be considered moot. It's clear, like in the Pace v. RTA case that this court decided, that the courts should be reluctant to review abstract questions or render advisory opinions, especially with regard to budgets of units of local government. There's a reference to that, to case law regarding that point in the Pace case. The court raised mootness sui sponte in the Pace case, and the only reason it considered it is because it found that there was a compelling public interest. I believe... If we could read from other, the World District, I think, and they do believe that there should be some guidance as to what the limits of authority are. Well, I understand their angst for guidance, but I just don't believe that the nature of the question lends itself because of the unique circumstances, not only because it's a prior year's budget, but also because this court originally agreed to handle this matter on an expedited basis, but then the Road District's counsel asked for additional time to present its brief. There was no sense of urgency, and I would submit that this issue could have been resolved within the current budget year. It almost was. So I don't believe that there's an emergency. I don't believe that it's an issue that's not capable of being resolved within the budget year. I also believe that it's appropriate for this court to say, you know, this isn't an appropriate public interest exception because the circumstances have changed. There's a subsequent budget that gave the Road District 100% of its budget, and the possibility that this comes up in other districts, there's nothing to document how often that's happened or where it's happened or if it's going to happen again. Well, there certainly is a push, and there has been a push over the years in some circles to eliminate township government in its entirety. And this proposal to push the road commissioner to enter into an IGA was part of that, isn't it? Well, let me just say that that question, I think, presumes that that was the motive of the township board. But as in statements referencing the proposal. Yes, there was definitely even involvement with the city. I think the goal at the end of the day by the township board was to reduce this budget to a level that it could still operate but eliminate the waste. And that's reflected if you read the transcripts of the two-day hearing. It's also reflected in OCIRA's second affidavit, paragraph 13, C400 of the record, which says that the city did put a mock-up budget together and demonstrated that the city could provide the services for less than the road district. Township board was provided with that mock-up, and that mock-up played a large and important role in helping to inform the board's decision about what to include in the approved budget. So, yes, there was a role by the city, and actually the lieutenant governor's report on consolidation task force was actually included in the record of the hearing proceedings in the case. So I don't think this is an appropriate case for this court to decide because there's no remedy that's valid. And I think... So we couldn't issue a declaration that the defendants exceeded their statutory authority in changing, revising, or adding to this budget before approving it? I don't believe, well, for the reasons that I've gone over, that I think there's no case or controversy, and I believe it's moot. I don't think it's appropriate for the court to render a decision on that basis for that reason. If it decides that it's going to examine the merits of the case, my opinion is, and I believe strongly, as did Judge Wheaton in the trial court, that this is a political question and that this case really does not lend itself to judicial determination. I'm sure you're aware of the cases that are cited ad nauseum in our state regarding the political question. It really starts with the Baker v. Carr decision in the U.S. Supreme Court. Justice Brennan laid out six factors. If any of those six factors are present, it's treated as a political question, and the courts refrain from making any decision. But if we look at the narrower issue of the extent to which a township board's authority under Section 6501C was exercised or not, how is that a political question? Because there's absolutely no standard for this court to apply to get its arms around or to get its teeth into in determining the correctness of the action. I think it would be appropriate for this court to compel the township board to approve a budget. That, I think, this court has the authority to do. But it does not have the authority to tell the township board what it is going to include in that budget. I think that's an important distinction and one that other courts have made in our circuit as well, in our district as well as elsewhere around the state, and in the Edgar Committee for Educational Rights v. Edgar case, a similar kind of analysis where the court said, you know, we're not equipped to determine what constitutes a quality education for the children of the state of Illinois. We're not going to inject ourselves into that concept. And it would be analogous to this court or any other court in the state saying, you know, the state of Illinois, you should have adopted a budget. You haven't adopted a budget in two years. I think you can take judicial notice of that. But that doesn't give this court the authority to go in and tell the state legislature what it should include in a budget and force it to approve it. Now, there might be a statute that allows the state or would give the court authority to compel the approval of a budget. But there's nothing in this statute, 6-501C, that permits this court to get into the particulars. And there's good reason for that. All right. But if you look at it, and I'm looking at it now and I found it, it says the township board, as the case may be at a public hearing, shall adopt the tentative budget and appropriation ordinance, comma, or any part as the board of trustees deem necessary. I don't see the word change there. Or any part. To me, that is they can get rid of something, but they can't add anything. And it's abundantly clear, if you look closely at the budget, that it did not add a dollar to any line item in that budget. If you go through the budget carefully and you add up the columns, there's handwritten notations, but those are just suggested places that the road district could take money from to fund the intergovernmental agreement that they complain about. But it did not actually adjust the total amounts that were authorized to be spent by the road district. So there was no addition to any line item in the road district's tentative budget. And further, there was no additional line items added to the road district budget. I think a careful review of the budget that was actually adopted and filed with the county clerk, as well as the affidavits, will clarify that issue. There really is no fact issue about whether or not there's new line items or increased line items. And I would submit that it was extremely clear to the township board, on my direction, that they not increase a line item or add a line item because we viewed that as beyond the authority of the statute. Well, in order to fund the township road commission's or township highway commissioner's responsibility under the intergovernmental agreement, there had to be some addition. There was an addition of the reference to the IGA and taking money out of other places and putting it in that particular area. I understand the thought process, but if you look at the actual columns on the various pages of the budget, you'll see that you can completely ignore the handwritten information relating to the IGA and just foot the columns, and you'll see that there were no increases to line items or creation of new line items. Where does the IGA go? What is that? Is that a footnote? Essentially, yes. Is there any authority for footnotes in these budgets? I'm sorry? Is there any authority for footnotes in these budgets? I don't know how to answer that. I don't think there's anything specific about the form in the statute that would prohibit a footnote, and I think it's within their purview to annotate or footnote a budget as they see fit. I don't think in any way that runs afoul of the very minimal direction that the Township Board has given with regard to its review and adoption of the road district budget. It shall approve the budget or portions thereof as it deems necessary. And I think it's clear that there was a very clear intent to approve less than all of the road district's budget while observing the fact that they didn't want to create any line items or add to any line items. And I think that you can see that if you look at the budget closely in the affidavits. I also would like to just add an additional point regarding the political question issue. I think that the Edgar Committee for Educational Rights versus Edgar case really hit on something profound about this political question issue in its analysis when it talked about the fact that if the court were to intervene and substitute its judgment for that of the board in our case, it would essentially be exercising both the judicial function and the legislative function. And in finding that there were no discoverable and manageable standards for resolving the question, the court asked itself, how would this court decide what's quality education? Would it conduct hearings? Would it allow expert testimony? Would it let anybody in the state who's impacted by the educational system testify? How would it conduct this process of determining what the definition of quality education is, just like the standard in our case? And I think... Well, be specific. What do you mean, just like the standard in our case? Well, a quality education requires the determination, the exercise of discretion in a way to determine something that that court found was within the province of the legislature. In our case, very similarly, the directive is clearly to the legislative body to approve the budget or portions thereof it deems necessary. Did the township have the authority to try to force the road commissioner to enter into an IJA? The township... By making changes to the budget or reducing his budget? Is there any statutory authority for what they were doing? If I look at the big picture, this was about forcing the road commissioner to enter an IJA. That's the assertion of the plaintiff, yes. I don't believe that was the motive of the township board, and there's evidence in the record to support that. That's the argument. Yeah. But I don't believe that it's improper from the perspective of their authority to approve whatever portion of that budget they felt was necessary. And if they felt that a 21% cut in whatever line items they chose, counsel earlier this morning has already said, the township board had the authority to cut individual line items with any complaints of the result. So I don't believe that it's improper. And I think the Plains Council also talked extensively about it can't be zero. Well, I don't believe that's the case. I think it could be zero. And I think it's up to the voters and the residents of that community who have a stake in the decisions being made by their elected officials to make the call on whether that's right or not, not a judiciary body that can't properly develop the facts necessary to make the right decision. I mean, it's a historically and traditionally local and legislative rather than judicial issue. But just assuming I live on a township road and there is a hole on that road that is big and there has been a crash on that road and someone has died because of that hole and there is no budget, that's not political. That is a dereliction of duty. Well, so is the state's failure to adopt the budget over the last two years, I would suggest. So far, nobody that we know has died. But I'm sure there are people who have because of the lack of budget. I'm talking about a concrete issue. Yes, understood. And if there is no budget, am I supposed to fix it? No, I would posit that if the road district itself in its tentative budget had put a zero, this court wouldn't have had the authority to do anything different about that. It would be the responsibility of the electorate to make a change. But that's four years down the road. What happens in the interim four years? Well, I think that we're looking at emergency legislation from the General Assembly that sets these rules. But that's not going to happen either based upon our previous assessment. Well, they're busy capping their taxes and raising our minimum wage as well. You know, not having their own problems. They're actually home now. They're doing nothing. But I understand the issue. I think, though, that the political question doctrine trumps that. All right. Thank you. Thank you very much. Thank you. Mr. Trulith. What about? Thank you very much. Thank you, Your Honor. The political question, it's a political case, but the court has to have the power to review a case to determine if what they did is within their power. If they added lines, the court has to be able to overturn that, and you have to be able to review it in order to determine if they added a line. Well, is adding a line a term of art? Is it a practical issue? How do we know that a line is added? Well, what I'm talking about in this case is the handwritten words, City of Naperville, IGA, which is written at the bottom. But I believe that theoretically that's just surplusage and it's not part of the budget. Well, Your Honor, in response to that, I would say that that doesn't comply with any rule of construction. You can't just ignore words. How is anybody supposed to know that some of those handwritings were just suggestions, they're not enforceable, but other ones were enforceable? That's just not believable. So I don't think that you can ignore some of the handwriting to make it comply with their argument that they did not add lines. So I think in this case they absolutely added a line, but in any theoretical case they could add a line. And in one of the cases I cited, what they did was they added a line for a specific position. And the court said, no, you can't add to the budget. That's not in the statute. So what is wrong with the township pushing towards consolidation and eliminating some of the services that the road commissioner was providing? Well, I don't think there's anything wrong with doing it politically, but legally they don't have the authority to determine. They can't use the budget process to do it. No, sir. That's just manipulation that's beyond their power. Now, there's always a gray area. I'm sure they could cut a little bit here and there and it would force the highway commissioner to cut back somewhere, but they can't just wholesale. What they did here is attempt to force them into an intergovernmental agreement. What if they believe that it's not necessary any longer because we have the city of Naperville is willing to perform this work, these services, at a reduced amount, less money from the taxpayers? Why is that? Why can't they say it's no longer necessary? Well, it would be up to the highway commissioner to decide if he wanted to contract with the city. And he was seriously negotiating with the city. And when we drilled down into the numbers, there were no actual savings. It was all a political stunt. The main reason is that one of the biggest factors in the budget is personnel. And city employees are in the union, townships are not, and city employees make a lot more. All of the other costs are almost identical. We both bid out paving and striping and seal coating. We both bid out fuel and salt and tools. So when we looked at it, there was nothing that the city could do cheaper, and the highway commissioner in the agreement had a dozen other things that were absolutely objectionable. So he very reasonably said he was not going to enter into that agreement with the city, but because it was a political stunt and everybody was jumping on that bandwagon, the township said, well, we're just going to force you and cut your budget so you have no choice. That goes to the motive. So to the political question, the court has to be able to review it to determine if the township did anything illegal or if they abused their discretion.  If they approve zero, that would be an abuse of discretion. That would affect public safety. In summary, what should our order be? First of all, that the actions of the township board are reviewable. It's not exempt from judicial review based on political doctrine or legislative act. Second of all, that the township board abused its discretion. I don't think it can go back for a remand in the trial court or to the township, but I believe that this court has got the information before it, and that would be exhibit B to the complaint, which is the budget that was approved, which shows that they cut the salaries by over 75%. They cut fuel over 75%. They cut many lines. And I believe the court could decide based on that that the township could not perform their essential duties which go to the public safety, and therefore it was an abuse of discretion. But because the fiscal year is over, the court should not remand it. It should be dismissed, and just the declaratory judgment is appropriate. And the fiscal year, just to clarify, ended March 31st? Yes, ma'am. Okay, so you're currently operating under a new budget? Correct. Okay, all right. Thank you very much, counsel, for your arguments. Thank you very much. We will make a decision in due course, and it will be provided to you. We are now going to stand adjourned for the day. Thank you.